UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAD SERVICES OF LOUISIANA, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2446 |
| DRAGADOS/HAWAIIAN DREDGING/ ORION JOINT VENTURE, ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

The Court heard argument on December 17, 2025, on three pending motions:  (1) Motion to Compel Document Production, (2) Motion to Compel Inspection, and (3) Motion for Leave to File Fourth Amended Complaint.   ECF Nos. 47, 48, 51.   Defendant Dragados/Hawaiian Dredging/Orion, Joint Venture ("DHO") filed Opposition Memoranda, and Plaintiff filed Reply Memoranda.  ECF Nos. 63, 65, 66, 71, 73, 74.  After considering the written and oral arguments and applicable law, the Court granted in part the motion to compel, ordering DHO to provide a date certain for production in accordance with Rule 34 and took the remaining two motions under advisement.  ECF No. 76.

Having considered the record, the oral and written arguments of counsel, and the applicable law, Plaintiff's  Motion to Compel Inspection is DENIED WITHOUT PREJUDICE and Plaintiff's Motion for Leave to File Fourth Amended Complaint is GRANTED for the reasons stated herein.

I.      **BACKGROUND**

On October 10, 2024, Plaintiff LAD Services of Louisiana, LLC filed this diversity action asserting claims for breach of contract, detrimental reliance, unjust enrichment, deceptive trade practices, relating to a contract to build a floating dry dock for the U.S. Navy's use and placement in Pearl Harbor, Honolulu, Hawaii.  ECF No. 1 § I, § III ¶ 7, § VI ¶¶ 34-57.  Plaintiff filed an Amended Complaint on October 25, 2024, dismissing certain defendants without prejudice and

1

mooting the pending motion to dismiss.  ECF Nos. 8, 9.  Plaintiff filed a Second Amended

Complaint on February 19, 2024, repeating the same five "causes of action" but, among other

things, alleged additional facts in relation to same.  ECF No. 23.[1]

The Court issued a Scheduling Order on April 23, 2025, establishing a deadline of May 23,

2025, for amended pleadings.  ECF No. 35 at 2.  The Court later continued certain dates but did

not revive the expired deadline for amending pleadings.  ECF Nos. 41, 42.  Plaintiff sought to file

a Third Amended Complaint that removed a request for certain damages, which Judge Vitter later

denied as moot in light of Plaintiff's Motion for Leave to File Fourth Amended Complaint, which

included that change as well as other modifications.  ECF Nos. 43, 56 at 1 n.3, 3.

## II.    THE PENDING MOTIONS

### A. Motion to Compel Inspection

Plaintiff seeks an order for site inspection to enable it to compare DHO's as-built dry dock

and construction methods to the designs and methodologies Plaintiff provided to Defendant.  ECF

No. 48; No. 48-3 at 2.[2]  Plaintiff asserts that inspection is relevant and proportional to the needs of

the case, and the evidence cannot be obtained through other means.  ECF No. 48-3 at 5-6, 8-9.

Plaintiff argues that DHO's security concerns are pretextual as courts regularly allow inspections

of secure military installations and other sensitive sites with appropriate protective conditions.  *Id.*

at 4-5, 7-8.  Plaintiff also asserts that DHO waived any objections to inspection by its failure to

provide a written response to the request.  *Id.* at 9-10.

---

[1] Plaintiff twice sought to file a Second Amended Complaint previously, but Judge Vitter denied the motions without prejudice for failure to properly allege diversity jurisdiction.  ECF Nos. 13, 17, 18, 19.
[2] Although Plaintiff evidently desired to conduct the inspection on December 11, 2025, Plaintiff improperly noticed the motion before Judge Vitter and scheduled same for submission on December 9, 2025, which the Clerk of Court corrected as an automatically referred matter and scheduled same for the undersigned submission date of December 10, 2025.  ECF No. 49.  In either event, Plaintiff did not file a separate Motion for Expedited Consideration to ensure a ruling before the desired December 11, 2025, date.

In Opposition, DHO asserts that Plaintiff's motion is premature because it filed same only 10 days after serving its Rule 34 request for inspection, and therefore, DHO could not have waived any objections because its response deadline had not lapsed.  ECF No. 65 at 1, 3-6.  DHO also argues that the request is not relevant to any claim or defense because Plaintiff asserted a breach of contract claim, not a misappropriation of trade secrets claim, DHO does not have possession or control over the land or vessel at issue in the request for inspection, and DHO cannot unilaterally authorize photographs of the project.  *Id.* at 6-7, 9-11.  DHO also argues that Plaintiff's citations appear to be the product of AI.  *Id.* at 8-9.

In Reply, Plaintiff argues that DHO has sufficient possession and control of the property under Rule 34.  ECF No. 73 at 2-3.  It also argues that the inspection is relevant to its claims, and any security concerns can be addressed through reasonable protocols.  *Id.* at 1, 4-7.  Plaintiff also defends its case citations.  *Id.* at 8.  In response to the Court's inquiry during oral argument, Plaintiff acknowledged that the information sought via an inspection may likewise be revealed upon review of the design or as-built drawings.

### B. <u>Motion for Leave to Amend</u>

Plaintiff's Fourth Amended Complaint seeks to clarify and expand its design misappropriation claim, and it contends that good cause exists to allow amendment outside of the Scheduling Order's deadline because the claim is based on newly discovered evidence that was not previously available despite its diligence due to DHO's refusal to allow site inspection and failure to produce documents in response to discovery requests.  ECF No. 51 ¶¶ 2-6.  Specifically, Plaintiff contends that, after DHO refused to allow inspection or produce documents, it hired a helicopter to conduct an aerial observation which revealed that DHO has incorporated substantial elements of Plaintiff's proprietary design.  *Id.* at ¶¶ 6-8; ECF No. 51-3 at 2, 4-6, 8.  Plaintiff asserts

that DHO will suffer no prejudice as the amendment does not add new parties or entirely new theories but rather clarifies an existing claim disclosed in prior pleadings.  ECF No. 51-3 at 6-7.

In Opposition, DHO asserts that Plaintiff has not established good cause to add an entirely new cause of action and category of damages after the deadline for amendments, and Plaintiff cannot blame DHO's discovery conduct because Plaintiff did not issue discovery requests until after the deadline for amending pleadings and Plaintiff requested a 30-day extension of the discovery response deadline.  ECF No. 63 at 3-8.  DHO has no objection to Plaintiff's Third Amended Complaint, which removed its request for lost opportunity damages but objects to Plaintiff's late amendment to assert a claim Plaintiff concedes it knew about but failed to raise when it filed its Second Amended Complaint.  *Id.* at 2 n.1, 7, 10.  DHO asserts that it would be extremely prejudiced by the amendment because it already started to prepare a motion to dismiss the lost opportunity damages and would need to shift focus to address this entirely new cause of action.  *Id.* at 8-9.

In Reply, Plaintiff argues that it is not seeking to assert a new cause of action but rather to properly plead the statutory bases and additional facts of its trade secret claim that was already present in the Second Amended Complaint.  ECF No. 74 at 1-2.  It then reiterates its prior arguments.  *Id.* at 2-5.

III.   **APPLICABLE LAW**

A. **Scope of Discovery**

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).  Information need not be admissible into evidence to be discoverable.  *Id.*

Rather, the information merely needs to be proportional and relevant to any claim or defense.  *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[3]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[4]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[5]  Relevant evidence thus has the tendency to make a fact that is of consequence in determining an action more or less probable than it would be without the evidence.[6]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[7]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[8]  However, the comments to Rule 26 "confirm that requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[9]  Discovery

---

[3] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[4] *Id.* at 590 n.5 (citation and quotations omitted).
[5] *Id*. at 590 (citations omitted).
[6] FED. R. EVID. 401.
[7] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[8] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[9] *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) (quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012)).

directed only to dismissed claims and not any remaining claim is simply not relevant to the litigation nor proportional to the needs of the case.[10]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[11] discovery does have "ultimate and necessary boundaries."[12]  Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[13]  Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[14]  Thus, while relevance in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[15]

## B.  Rule 34 Request for Inspection

Rule 34(a)(2) provides that a party "may serve on any other party a request" to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect . . . the property."[16]  The request must (1) describe with reasonable particularity each item or category of items to be inspected and (2) specify a reasonable time, place,

---

[10] *See Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.); *see also Johnson v. Hope Vill. Apartments*, No. 10-385, 2011 WL 13217330, at *3 (E.D. Tex. Aug. 30, 2011) (noting impropriety of seeking discovery on dismissed claims); *Socol v. Haas*, No. 18-90, 2021 WL 2635847, at *7 (W.D. Va. June 25, 2021) (denying discovery directed to dismissed claims but allowing discovery that also related to remaining claims).
[11] *Herbert v. Land*o, 441 U.S. 153, 176 (1979) (citations omitted).
[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[13] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[14] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[15] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat*, 611 F. Supp. 3d at 311.
[16] FED. R. CIV. P. 34(a)(2).

and manner for the inspection and for performing the related acts.[17]  The party to whom the request

is directed must respond in writing within 30 days after being served or, if the request was delivered

under Rule 26(d)(2), within 30 days after the parties' first Rule 26(f) conference.[18]  If a responding

party does not agree to an inspection, the requesting party may move for an order compelling the

inspection.[19]  The resisting party must show why an inspection would be "irrelevant, overly broad,

unduly burdensome or oppressive."[20]

## C.  Standard for Amendments

While Rule 15(a) applies to a request for leave to amend before expiration of the deadline

for amendments, when leave is sought *after* the scheduling order deadline for amendments has

expired, the analysis is first governed by Rule 16.[21]  Under Rule 16, the court has "broad discretion

to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's

demonstration of good cause to modify the scheduling order will the more liberal standard of Rule

15(a) apply to the district court's decision to grant or deny leave."[22]

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant

must "show that the deadlines cannot reasonably be met despite the diligence of the party needing

---

[17] *Id*. at 34(b)(1)(A)-(B).

[18] *Id.* at 34(b)(2)(A).

[19] FED. R. CIV. P. 37(a)(3)(B)(iv).

[20] *Stanton 4433 Owners Assoc. v. State Farm Lloyds*, No. 20-280, 2022 WL 17752218, at *3 (W.D. Tex. Sept. 6, 2022) (quoting *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019)).

[21] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave); *see J.M. v. La. High Sch. Athletic Ass'n., Inc.*, No. 23-6514, 2025 WL 1372979, at *1 (E.D. La. Apr. 4, 2025) ("The good cause requirements of Rule 16(b) govern a party's motion for leave to amend or supplement after the deadline set forth in the scheduling order."); *Wilson v. Deutsche Bank Tr. Co. Ams.*, No. 18-854, 2019 WL 5840325, at *16 (N.D. Tex. Nov. 7, 2019) ("When . . . the deadline to amend pleadings has expired, a court considering a motion to amend or supplement pleadings must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard.").

[22] *See S&W Enters.*, 315 F.3d at 535–36 (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

the extension."[23]  In *Geiserman v. MacDonald*, the Fifth Circuit identified four factors to determine

the existence of good cause to modify a scheduling order,[24] and it adopted that standard to requests

to amend pleadings after expiration of the scheduling order deadline in *S&W Enterprises, L.L.C.*

*v. SouthTrust Bank of Alabama, NA.*[25]  Thus, the court must consider: "(1) the explanation for the

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

prejudice."[26]  "No single factor is dispositive, nor must all the factors be present."[27]  The four

factors are considered holistically, and the court has wide discretion to weigh and balance the

factors, including the discretion to find that any one factor outweighs the others.[28]

Only when "good cause" is established under Rule 16 does the court analyze whether leave

to amend is proper under Rule 15(a)(2), which instructs the court to "freely give leave [to amend]

when justice so requires."[29]  Leave to amend under Rule 15 is not automatic,[30] but given the bias

in favor of granting leave, a court "must possess a 'substantial reason' to deny a request."[31]  The

five relevant factors for the Rule 15 analysis are: (1) undue delay, (2) bad faith or dilatory motive,

(3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the

---

[23] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).

[24] *See* 893 F.2d 787, 791 (5th Cir. 1990).

[25] 315 F.3d at 536.

[26] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).

[27] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).

[28] *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (noting the district court's finding that plaintiff's failure to account for its delay was dispositive and outweighed the other three factors and finding same within the court's discretion).

[29] Denial of leave to amend is reviewed for abuse of discretion.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Sers. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[30] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).

[31] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux,* 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872; *Foman v. Davis*, 371, 178, 182 (1962)).

opposing party, and (5) futility of the amendment.[32]   Denial of leave to amend is reviewed for

abuse of discretion,[33] but absent a "substantial reason," the court's discretion "is not broad enough

to permit denial" of a request for leave to amend.[34]

### D.  Elements of a Trade Secret Claim

The required elements to recover under the Louisiana Uniform Trade Secrets Act

("LUTSA") and the federal Defend Trade Secrets Act ("DTSA") are similar.  To recover damages

under LUTSA, a plaintiff "must prove (a) the existence of a trade secret, (b) a misappropriation of

the trade secret by another, and (c) the actual loss caused by the misappropriation."[35]  To succeed

on a DTSA claim, a plaintiff must also show (a) the existence of a trade secret, (b) misappropriation

of that trade secret, and (c) the trade secret's relation to a good or service in interstate or foreign

commerce.[36]

The threshold inquiry in every trade secret case is whether a legally protectable trade secret

exists.[37]   The LUTSA and DTSA set forth substantially similar definitions for a trade secret.[38]

LUTSA defines a trade secret as

> [I]nformation, including a formula, pattern, compilation, program, device, method,
> technique, or process, that:

---

[32] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (quoting *Foman*, 371 U.S. at 182); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[33] *Carroll*, 470 F.3d at 1174 (citation omitted).

[34] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[35] *Comput. Mgmt. Assistance Co. v. DeCastro*, 220 F.3d 396, 403 (5th Cir. 2000) (citing *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 648 (5th Cir. 1997)) (finding a lack of proof of misappropriation).

[36] 18 U.S.C. § 1836(b)(1); *Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 517 (E.D. La. 2018) (Fallon, J.) (ruling under the FED. R. CIV. P. 12(b)(6) standard).

[37] *Turbine Powered Tech., LLC v. Crowe*, No. 2018-0881, 2019 WL 4201579, at *10  (La. App. 1 Cir. 2019) (citing *Engineered Mech. Servs., Inc. v. Langlois*, 464 So. 2d 329, 333 (La. App. 1st Cir. 1984)).

[38] *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2019 WL 4752058, at *5 (E.D. La. Sept. 30, 2019) (Ashe, J.) (noting DTSA and LUTSA, are substantially similar and LUTSA's definition of "trade secret" is nearly identical to the DTSA.); *Ruby Slipper Café, LLC v. Belou*, No. 18-1548, 2019 WL 1254897, at *5 (E.D. La. Mar. 19, 2019) (Ashe, J.).

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

LA. REV. STAT. § 51:1431(4).  Likewise, the DTSA defines a trade secret as:

[A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –

(A) the owner thereon has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).  Despite those definitions, courts have recognized that "[a] trade secret 'is one of the most elusive and difficult concepts in the law to define.'"[39]

The plaintiff "must identify the trade secrets and carry the burden of showing that they exist."[40]  While trade secrets need not be pled with extreme specificity in a complaint,[41] even a complaint must disclose sufficient facts to put the defendant on notice as to what is alleged to have been misappropriated and must describe the subject matter with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled

---

[39] *Source Prod.*, 2019 WL 4752058 at *5 (quoting *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 613 (5th Cir. 2011) (quoting *Lear Siegler, Inc. v. Ark–Ell Springs, Inc.*, 569 F.2d 286, 288 (5th Cir. 1978))).

[40] *Source Prod.*, 2019 WL 4752058, at *5 (quoting *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-08962, 2018 WL 3197696, at *14 (C.D. Cal. June 25, 2018) (quoting *MAI Sys. Corp v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993))).

[41] *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, No. 18-00039, 2020 WL 5745833, at *3, *6 (W.D. Tex. Aug. 3, 2020 (citing *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013))), *R.& R. adopted*, 2020 WL 7012008 (W.D. Tex. Sept. 30, 2020)

in the trade.[42]

Of course, the subject matter of a trade secret must be secret.[43]  "Information that is public

knowledge . . . or that is generally known in an industry, cannot qualify as a trade secret."[44]

Although matters of public knowledge or general knowledge in an industry cannot qualify as trade

secrets, "a compilation of the public information which incorporates the information in a unique

way is, nonetheless, protectable as a trade secret."[45]  As the Fifth Circuit has explained, "a trade

secret can exist in a combination of characteristics and components each of which, by itself, is in

the public domain, but the unified process, design and operation of which in unique combination,

affords a competitive advantage and is a protectible secret."[46]  Thus, a unique combination of items

that by themselves do not constitute trade secrets can be a trade secret.[47]

Public disclosure destroys secrecy and trade-secret protection.[48]   "[I]f an individual

discloses his trade secret to others who are under no obligation to protect the confidentiality of the

---

[42] *Source Prod.*, 2019 WL 4752058, at *5 (citing *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1043-44 (S.D. Cal. 2017); and quoting *Mfg. Automation*, 2018 WL 3197696, at *14); *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019); *Next Commc'ns, Inc. v. Viber Media, Inc.*, 758 F. App'x 46, 49 (2d Cir. 2018) ("[I]n the context of a trade secret misappropriation claim, the party opposing summary judgment must be able to identify the alleged trade secret with sufficient specificity to make the moving party aware of what information it has allegedly misappropriated.").
[43] *Tewari De-Ox Sys.*, 637 F.3d at 611 (citation omitted).
[44] *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-0491, 2020 WL 3188991, at *38 (E.D. La. June 15, 2020) (Ashe, J.); *see also Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984); *Flotec, Inc. v. S. Rsch., Inc.*, 16 F. Supp. 2d 992, 1000 (S.D. Ind. 1998) (stating "trade secret law does not protect information that is publicly available, including information that can be discerned with reasonable effort by inspecting a product available for purchase on the market." (citations omitted)); *Ecimos, LLC v. Carrier Corp.*, 971 F.3d 616, 643 (6th Cir. 2020) (defining trade secrets to exclude publicly disclosed or easily acquired information or matters of general knowledge in the industry, or ideas that are well known or easily ascertainable).
[45] *Centurum Info. Tech. Inc. v. Geocent, LLC*, No. 21-0082, 2021 WL 533707, at *13 (E.D. La. Feb. 12, 2021) (Fallon, J.) (quoting *Geo Grp., Inc. v. Cmty. First Servs., Inc.*, No. 11- 1711, 2012 WL 1077846 (E.D.N.Y. Mar. 30, 2012)).
[46] *Tewari De-Ox Sys.*, 637 F.3d at 613 (quoting *Imperial Chem., Ltd. v. Nat'l Distillers & Chem. Corp.*, 342 F.2d 737, 742 (2d Cir. 1965)); *see also Metallurgical Indus. v. Fourtek, Inc.*, 790 F.2d 1195, 1202 (5th Cir. 1986) (rejecting contention that a combination of disclosed technologies cannot itself constitute a trade secret).
[47] *See Complete Logistical Servs.*, 350 F. Supp.3d at 518; *Ultraflor Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 960 (S.D. Tex. 2013); *Centurum Info. Tech.*, 2021 WL 533707, at *13.
[48] *See Johns Manville Corp. v. Knauf Insulation, LLC*, No. 15-00531, 2017 WL 4222621, at *6 (D. Colo. Sept. 22, 2017).

information . . . his property right is extinguished."[49]  A trade secret is lost when information is

disclosed under a license that does not include a confidentiality or non-disclosure provision.[50]

## IV.    ANALYSIS

### A.  Request for Inspection

Plaintiff's Request for Inspection is improper.  Plaintiff asserts that, on November 3, 2025,

it made a formal request for inspection, seeking to inspect certain property on December 11, 2025.

ECF No. 48-3 at 3.  Before expiration of the 30-day response period, Plaintiff filed this motion to

compel on November 13, 2025.  Before DHO responded, Plaintiff prematurely filed this motion

to compel.  Setting aside the issue of "control" argued by the parties, Plaintiff conceded at oral

argument that the information sought via inspection may be reflected in the documents requested

which have not yet been produced.  Accordingly, the motion to compel inspection will be denied

without prejudice.  If inspection is necessary after responsive documents have been produced and

reviewed and DHO objects, the Court may then address the merits of the request after an

appropriately filed motion and briefing.

### B.  Request for Leave to File Fourth Amended Complaint

Initially, Plaintiff's request for leave was filed after expiration of the deadline for amending

pleadings.  As such, Plaintiff must first establish good cause under Rule 16 before the Court may

assess whether granting leave is proper under the more liberal provisions of Rule 15.

---

[49] *Ruckelshaus*, 467 U.S. at 1002.
[50] *Nova Chems., Inc. v. Sekisui Plastics Co.*, 579 F.3d 319, 327–28 (3d Cir. 2009); *see also SocialApps, LLC v. Zynga Inc.*, No. 11-04910, 2012 WL 381216, at *2 (N.D. Cal. Feb. 6, 2012) (stating that publicly available information, by definition, cannot be protected as a trade secret).

### 1. Rule 16

#### a. Explanation for Failure to Timely Amend

Inadvertence is generally insufficient to establish good cause under Rule 16.[51]   And although Plaintiff argues that its delay resulted from DHO's failure to produce responsive documents, it did not issue any discovery prior to the deadline for amending pleadings.  Further, Plaintiff alleges it learned of the use of its designs when it performed aerial surveillance but does not provide any reason that it could not conduct that same surveillance earlier.

In short, Plaintiff has not provided a reasonable explanation for its failure to timely move to amend.  This factor weighs against Plaintiff.

#### b. Importance of Amendment

When a proposed amendment potentially provides additional grounds for recovery or directly affects the prospects of recovery, it satisfies the Rule 16(b) importance requirement.[52]  Both the DTSA and LUTSA are subject to a three-year statute of limitations/prescriptive period.  18 U.S.C. § 1836(d) (for misappropriation of trade secrets under federal law); LA. REV. STAT. § 51:1436 (for misappropriation of trade secrets under Louisiana law).  Plaintiff's interaction with Defendants on the project began in early 2023 (ECF No. 23 ¶ 12), indicating the claims have been raised within the prescriptive periods.

As the amendment would provide an additional avenue of recovery, it satisfies the importance prong.  This factor weighs in favor of Plaintiff.

---

[51] S&W Enters., 315 F.3d at 536 (affirming denial of leave to amend and stating that counsel's delayed analysis of recent supreme court decision is essentially inadvertence, which is tantamount to no explanation at all); *Rios v. City of Conroe*, 674 F. App'x 366, 368-69 (5th Cir. 2016) (affirming denial of leave to amend where district court reasoned that mere inadvertence, coupled with potential prejudice to the non-movant, is insufficient to constitute good cause under Rule 16).

[52] *See E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted) (finding the importance factor met when party sought to add new affirmative defenses and a counterclaim because they would protect the party from damages and entitle it to additional recovery if successful), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

c.  Prejudice and Availability of Continuance

Proposed amendments that merely propose "alternative legal theories for recovery on the

same underlying facts . . . generally should be permitted, as they advance Rule 15(a)'s policy of

promoting litigation on the merits rather than on procedural technicalities."[53]   But late-stage

amendments that essentially plead a fundamentally different case with new causes of action and

different parties, effectively reconstructing the case anew, are unduly prejudicial and should not

be permitted.[54]

To determine whether a new claim fundamentally alters the case, the court looks to the

factual similarities between the new claim and the existing claim, whether the addition would

require expansive discovery and litigation, and whether the addition would delay the resolution of

the case.[55]   When "the proposed amendments are based on the same underlying facts alleged in

the original complaint," the Court should not find the new claim fundamentally alters the nature

of the case.[56]   When, however, an added claim would require the defendant "to reopen discovery

and prepare a defense for a claim different from the [one] . . . that was before the court," prejudice

is established.[57]   Courts thus regularly find prejudice when the amendment is asserted after the

---

[53] *Mayeaux*, 376 F.3d at 427; *see also Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).

[54] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case); *Phoenix Int'l Holdings, Inc. v. UH Servs. Grp., LLC*, No. 20-1684, 2021 WL 6108319, at *5 (E.D. La. Oct. 28, 2021) (Douglas, M.J.) (finding proposed amendment adding fraud claim after expiration of discovery deadline changed the nature of the case and constituted prejudice).

[55] *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid).

[56] *Operaciones Tecnicas*, 2015 WL 4254130, at *5; *see also Washington St. Tammany Elec. Coop., Inc. v. Grid Power Prods., L.L.C.*, No. 17-17447, 2018 WL 10246146, at *3 (E.D. La. July 11, 2018) (granting leave to amend products liability action to add redhibition claim where there is substantial overlap in evidence and discovery, the claims are frequently and typically pled, prosecuted and tried together, and discovery was in its early  stages with four months remaining before the discovery deadline); *Bouchard Transp. Co. v. VT Halter Marine, Inc.*, No. 16-11264, 2016 WL 4131376, at *2 (E.D. La. Aug. 3, 2016) (holding that amendment to breach of contract, breach of warranty and negligence action to add claims of products and/or strict liability did not cause prejudice).

[57] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[58]

A side-by-side comparison of Plaintiff's Fourth Amended Complaint with its prior complaint reflects that it seeks to delete ¶¶ 30, 36(b), and 49 relating to a potential job for Crosby Marine and add a new "Sixth Cause of Action – Misappropriation of Trade Secrets" outlined in new ¶¶ 53-79. *Compare* ECF No. 23, *with* ECF No. 51-2.[59]  Contrary to its argument, Plaintiff did not previously assert a misappropriation of trade secret claim.[60]  Plaintiff's prior filings simply do not set forth the factual elements necessary to state a trade secret claim, nor did Plaintiff otherwise indicate it sought to assert such a claim.  Thus, the amendment does not merely clarify an existing claim but rather seeks to add a new claim.  The proposed amendment does fundamentally alter the nature of the case and will necessitate extensive discovery.

Discovery, however, is still in its early stages, with a recently extended discovery deadline of June 21, 2026.  ECF No. 56.  The parties should be able to accomplish the necessary discovery within this extended deadline, and the proposed amendment should not disrupt the discovery deadline or trial date.  As such, there should be no need for continuance.  Even if there were, the Court would have the ability to continue these dates.

---

[58] *See Smith*, 393 F.3d at 594-96 (affirming denial of leave to amend based on undue delay and prejudice when amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend when the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, L.L.C. v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[59] DHO has no objection to the deletion of ¶¶ 30, 36(b) and 49.  DHO does, however, object to the addition of the misappropriation of trade secrets claim.  ECF No. 63 at 2 n.1.

[60] At most, Plaintiff alleged that it provided valuable services for which it was not compensated and DHO's actions constituted unfair or deceptive practices.  *See* ECF No. 74 at 2 (citing specific paragraphs from the complaints alleged to encompass misappropriation of trade secrets claim).

Although the proposed amendment does fundamentally alter the case, it was not sought after the close of discovery, after dispositive motions have been decided, or on the eve of or in the middle of trial.  Thus, while both parties have facts in their favor as to these factors, the balance tips slightly in favor of Plaintiff.  Overall, though a close call, the balance tilts in favor of finding good cause for granting leave to amend after the expiration of the deadline.[61]

## 2.  Rule 15 Considerations

DHO does not argue bad faith, repeated failures to cure deficiencies, or futility.  Rather, it assert undue delay and prejudice.  ECF No. 63.

Although Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend,[62] a litigant's failure to assert a claim as soon as he could have done so factors against the request.[63] At some point, plaintiff's delay can be procedurally fatal,[64] in which case plaintiff must establish that the delay "was due to oversight, inadvertence, or excusable neglect."[65]  For instance, the Fifth Circuit has affirmed a court's denial of leave to amend to add a new party when leave was not sought until thirteen months after filing suit and eight months after becoming aware of the new entity's existence.[66]  Likewise, courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[67]  "Merely because a claim was not presented as promptly as possible, however, does

---

[61] *Cf. Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (finding amendment to add lost profits claim warranted to prevent substantial injustice because amendment was very important and Plaintiff would be "dead in the water" without it).

[62] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment").

[63] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[64] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hou.*, 963 F.2d 831, 836 (5th Cir. 1992)).

[65] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).

[66] *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).

[67] *See, e.g.*, *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864–65 (5th Cir. 2003) (concluding the district court did not abuse its discretion in denying leave to amend because plaintiffs had not raised any facts that were not previously available and made a "strategic" decision to delay amending the complaint).

16

not vest the district court with authority to punish the litigant."[68]

"[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[69] Courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[70] A defendant is prejudiced if an amendment would require a party to "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[71]    Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[72] are considered prejudicial.[73]   Merely being forced to incur additional fees and costs to respond, which may cause some prejudice, however, does not constitute "undue" prejudice necessary to justify denial of a motion to amend.[74]

---

[68] *Carson*, 689 F.2d at 584.

[69] *Mayeaux*, 376 F.3d at 427 (citations omitted).

[70] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell*, 166 F.3d at 1162 ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon*, 151 F.3d at 1139 (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe*, 2018 WL 11179117, at *2 (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[71] *Smith*, 393 F.3d at 596 (quoting *Duggins*, 195 F.3d at 834); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery).

[72] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[73] *Am. Int'l Refinery*, 676 F.3d at 467 & n.12 (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

[74] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd*., No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug.

Although DHO argues it would be severely prejudiced by the proposed amendment adding a misappropriation claim,[75] incurring costs to respond to a new cause of action, while unfortunate, does not constitute the type of prejudice necessary to establish a substantial reason to deny amendment under Rule 15.

## V.      CONCLUSION

Although Plaintiff has not set forth a reasonable explanation for its failure to assert a misappropriation of trade secrets claim earlier and the amendment will necessitate additional discovery, balance of the relevant factors, particularly the importance of amendment, and recognizing the underlying policy favoring resolution of litigation on the merits rather than procedural technicalities, the Rule 16 and Rule 15 factors do not support the denial of Plaintiff's request for leave to amend.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Inspection is DENIED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Fourth Amended Complaint is GRANTED.  The Clerk is directed to docket ECF No. 51-2 into the court record.

New Orleans, Louisiana, this ___31st___ day of December, 2025.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).
[75] ECF No. 63 at 8-9.