UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAD SERVICES OF LOUISIANA, LLC     *          CIVIL ACTION

VERSUS                             *          NO. 24-2446

DRAGADOS/HAWAIIAN DREDGING/        *          SECTION "D" (2)
ORION JOINT VENTURE, ET AL.

**ORDER AND REASONS**

Pending before me is a Motion to Compel filed by Defendant Dragados/Hawaiian Dredging/Orion, Joint Venture.  ECF No. 98.  Plaintiff LAD Services of Louisiana, LLC timely filed an Opposition Memorandum, and Defendant timely filed a Reply Memorandum.  ECF Nos. 101, 102.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.      **BACKGROUND**

On October 10, 2024, Plaintiff LAD Services of Louisiana, LLC filed this diversity action against Defendant Dragados/Hawaiian Dredging/Orion, Joint Venture asserting claims for breach of contract, detrimental reliance, unjust enrichment, and deceptive trade practices relating to a contract to build a floating dry dock for the U.S. Navy's use and placement in Pearl Harbor, Honolulu, Hawaii.  ECF No. 1 §§ I, III ¶ 7, VI ¶¶ 34-57.  Plaintiff filed an Amended Complaint on October 25, 2024, a Second Amended Complaint on February 19, 2024, and a Fourth Amended Complaint on December 31, 2025, with its request to file a Third Amended Complaint being denied as a result of the request to file the Fourth Amended Complaint.  ECF Nos. 8, 23, 43, 51,

1

56, 79.  The Fourth Amended Complaint added a sixth cause of action for Misappropriation of Trade Secrets.  ECF No. 80 ¶¶ 53-79.

The Court issued a Scheduling Order on April 23, 2025, and later continued certain dates. ECF Nos. 35, 41, 42, 95.  The current discovery deadline is July 21, 2026, with Plaintiff's expert reports due May 22, 2026, Defendant's expert reports due June 24, 2026, and Plaintiff's rebuttal reports due July 7, 2026.  ECF No. 95.

## II.    **THE PENDING MOTION**

Defendant has filed this Motion to Compel requesting that the Court order Plaintiff to produce, within 7 days, (a) all discoverable documents and electronically stored information not yet produced in this litigation in response to Defendant's initial discovery requests propounded in July 2025, and (b) comply with Local Rule 26.3's initial disclosures requirements to produce the information, documents, materials, and electronically stored information concerning the Fourth Amended Complaint's "Misappropriation of Trade Secrets" claim, requested through Defendant's second set of discovery requests propounded in February 2026.  ECF No. 98.  Defendant asserts that Plaintiff's production omitted internal communications (specifically Mr. Dragna's texts and messaging applications), has failed to preserve and maintain all electronically stored information, failed to deliver a Trade Secret Identification Statement as required by Local Rule 26.3, and provided only cursory responses to discovery directed to the trade secret claim.  *Id.* ¶¶ 6-7, 11, 15.

Defendant's supporting memorandum repeats the history recited in its motion and argues that Plaintiff's failure to produce all responsive information is evidenced by the discrepancies between its initial pdf production versus its later native format production, with the native format version containing over 800 documents with only 30-40 overlapping documents, and the failure to produce "routine and standard internal documents that can be expected" from any organization.

2

ECF No. 98-1 at 1-7, 10-11.  Specifically, Defendant contends that Plaintiff gathered files in support of its claim and then produced its "claim file" rather than produce all responsive information.  *Id.* at 11.  Defendant asserts that Plaintiff's failures relate to First Set of RFP Nos. 1-2, 6, 8, 9, 10, 12, 15-21 and Second Set of RFP No. 13.  *Id.* at 8-9.  Defendant objects to Plaintiff's failure to deliver the Rule 26.3 identification statement as well as its ambiguous discovery responses identifying a category of documents, asserting Plaintiff's alleged trade secret is "undefined and nondescript."  *Id.* at 12-15.

In Opposition, Plaintiff asserts that it has produced all responsive, non-privileged documents and ESI in its possession, custody and control, including both pdf and native format productions, and supplemented when concerns were raised, and Defendant mischaracterizes the discovery history, overstates the alleged deficiencies, and conflates ESI production with Rule 26.3's identification statement requirement.  ECF No. 101 at 1.  Plaintiff argues that a 7-day response deadline is unreasonable because Defendant does not identify, with specificity, what categories of documents it believes exist but were not produced.  *Id.* at 8.  Plaintiff asserts the parties' waiver of initial disclosures included the Rule 26.3 statement and, in any event, it sufficiently identified its trade secrets by specifying categories of (a) proprietary conceptual design for constructing and transporting concrete floor units and (b) proprietary structural design and engineering specifications for floating dry dock pontoon system, including but not limited to the dimensional layout, freeboard calculations, ballast system configurations, and load distribution methodology developed by Plaintiff, and producing engineering data and design documents.  *Id.* at 8-10.  Plaintiff asks that, if a Rule 26.3 statement is required, it should be allowed 21 days to provide same.  *Id.* at 11.

3

Plaintiff contends that its native format production was not simply a "claim file" but included all emails, documents and ESI dating back to 2009, including external communications relevant to the dispute, engineering documents, design materials and related correspondence. *Id*. at 4. It also asserts that the alleged "discrepancies" between the native format and pdf productions resulted from predictable differences from converting the documents, not deliberate omissions. *Id.* at 5. Plaintiff argues that Defendant has not identified any omitted material, and a motion to compel based on suspicion and inference is improper. *Id.* However, Plaintiff appears to concede it has not searched for and produced all electronic communications (e.g., texts or messaging app communications), stating only that it produced all internal emails and later asserting that a search for text messages and other communications from personal devices would entail lengthy forensic efforts and a review that could not be accomplished in 7 days. *Id*. at 6, 8. Plaintiff also asserts that it has not deleted or failed to preserve ESI, only that its vendor did not retain the search terms it ran to gather the information. *Id.* at 6-7.

In Reply, Defendant asserts that the requests properly seek relevant evidence (i.e., internal communications about the project, lawsuit, claims and defenses) proportional to the needs of the case, and Plaintiff's relevance and proportionality objections must fail. ECF No. 102. Defendant disputes Plaintiff's assertion that file formatting differences explain the inconsistent productions because the initial production only covered July 2022 forward, whereas the second production went back to 2009 and included 350 more documents. *Id.* at 3. Defendant reiterates that the requests sought all communications but Plaintiff continues to limit its discussion to emails, that there was no waiver of the Rule 26.3 trade secret identification statement because that claim had not been urged when they agreed to waive initial disclosures required by Rule 26, and Plaintiff's responses to the second set of discovery directed to trade secrets are insufficient. *Id.* at 4-7.

## III.    APPLICABLE LAW AND ANALYSIS

The parties appear to agree that the requests at issue seek relevant information within the scope of permissible discovery.  *See* FED. R. CIV. P. 26(b)(1).  The dispute revolves around whether Plaintiff has produced all information responsive to the requests with regard to electronically stored communications other than emails and the alleged trade secrets.

### A.  Motion to Compel Production of Responsive Documents

The Court cannot compel a party to produce documents that do not exist.[1]  While Defendant relies on discrepancies between the pdf production and native format production, Defendant fails to demonstrate the particular discrepancies or how they suggest other failures to produce responsive information beyond the date differences of the productions.  Defendant does, however, sufficiently establish (and Plaintiff appears to concede) that Plaintiff's production was limited to email communications rather than other electronic communications (texts, messaging applications,

---

[1] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue); *Goosehead Ins. Agency, LLC v. Guillory,* No. 24-2146, 2025 WL 1397166, at *5 (E.D. La. May 14, 2025) (court cannot compel party to produce documents that do not exist);  *Solorzano v. Shell Chem. Co*., No. 99-2831, 2000 WL 1145766, at *7 (E.D. La. Aug. 14, 2000) ("[A party or non-party] cannot produce what it does not have."); *Rhyce v. Martin*, No. 00-2623, 2002 WL 31496375, at *2 (E.D. La. Nov. 6, 2002) (denying motion to compel where party did not have control of documents); *Fernandez v. McDaniel Controls, Inc*., No. 98-1040, 1998 WL 840014, at *1 (E.D. La. Dec. 3, 1998) ("Plaintiff cannot be compelled to produce what he certifies in a response signed pursuant to Rule 26(g) he does not possess."); *Frught v. State Farm Fire & Cas. Ins. Co*., No. 07-5069, 2009 WL 10679979, at *1 (E.D. La. May 27, 2009) (defendant could not be compelled to produce materials which it certifies are not in its possession, custody, or control); *see also Butler v. La. Dep't of Pub. Safety & Corr*., No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014) ("[The court] cannot compel Defendants to produce documents that do not exist."); *Payne v. Forest River, Inc*., No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc*., No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) ("The Court cannot order the production of something the producing party suggests does not exist."); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) ("The court cannot order respondents to produce discovery that does not exist."); *Beth v. Wal-Mart Stores, Inc*., No. 12-1024, 2014 WL 2918674, at *2 (W.D. La. June 26, 2014) (agreeing with proposition that a party cannot be compelled to produce documents that do not exist; *Alvarado v. Air Sys. Components LP*, No. 19-2057, 2021 WL 2682870, at *3 (N.D. Tex. June 29, 2021) (noting that a party is not required to produce any discovery it does not possess); *Cardenas v. Dorel Juv. Grp., Inc*., 230 F.R.D. 611, 620 (D. Kan. 2005) ("The Court cannot compel the production of documents that do not exist or that are not in the possession, custody or control of a party.").

5

etc.). Indeed, Plaintiff's assertion that it would take more than 7 days to search texts and messaging apps for responsive communications reveals that same were not searched or produced.[2]

Defendant's requests were not limited to emails. The requests seek all communications, not simply emails. Text messages and communications through other applications fall within the scope of RFP Nos. 9-12 and 40 of the first set and RFP No. 13 of the second set. ECF No. 98-4 at 8-9, 12; No. 98-13 at 9. Plaintiff is obliged to undertake an investigation of all reasonably available sources for responsive information, which it has not done. Accordingly, it must produce any responsive communications including electronic messages contained in texts or on other messaging applications, such as WhatsApp or social media.

Defendant has not, however, established that Plaintiff failed to produce other unspecified responsive documents. While Defendant argues that Plaintiff has not produced all responsive documents because it failed to produce documents one would expect (ECF No. 98-1 at 11), a party's mere disbelief or disagreement with a response is not a recognized ground for compelling discovery.[3] The requesting party's belief or suspicion that the response is incomplete or incorrect must be supported by evidence that the responding party's production is not complete.[4] To establish a specific or material deficiency in the response necessary to require additional searches or discovery efforts, or to obtain "discovery on discovery" that is "both relevant and proportional to the needs of the case" under Rule 26(b)(1), the requesting party must provide evidence,

---

[2] ECF No. 101 at 8 (indicating it would take more than 7 days to search Mr. Dragna's text messages or other electronic messaging services).

[3] *Tingle v. Hebert*, No. 15-626, 2018 WL 1726667, at *5 (M.D. La. Apr. 10, 2018) (noting that mere speculation that documents must exist is insufficient); *see also Gordon v. Greenville Indep. Sch. Dist.*, No. 13-178, 2014 WL 6603420, at *2 (N.D. Tex. Nov. 20, 2014) ("Although Plaintiff is not satisfied with this response, he fails to point to anything that suggests such reports actually exist. The Court cannot compel a [responding party] to produce documents that do not exist."); *McElwee v. Wallantas*, No. 03-172, 2005 WL 2346945, at *3 (S.D. Tex. Sept. 26, 2005) ("[T]he Court cannot order the Defendants to produce documentation that does not exist. Therefore, unless the Plaintiff can provide proof that the documents exist, rather than mere speculation, the Court will not entertain motions to compel the Defendants to produce documentation whose existence is nothing more than theoretical.").

[4] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (cleaned up).

including through produced documents, that allows the Court to make "a reasonable deduction that other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material."[5]  Defendant has failed to carry this burden.

Although Defendant has not established the existence of other unspecified documents that would justify an order compelling production of anything other than the absent communications reflected in text messages or other messaging applications, Defendant is entitled to an unequivocal representation, under oath, that Plaintiff has produced all responsive documents in its actual or constructive[6] possession, custody or control and had not withheld any documents based on an objection or otherwise rather than an ambiguous response that leaves Defendant guessing as to whether all responsive documents have been produced.[7]  Plaintiff  is thus required to certify and confirm that, after undertaking reasonable effort to obtain and locate responsive documents, it has produced all responsive documents and no additional responsive documents exist.[8]  In the event that Defendant acquires additional documents to establish that Plaintiff's representations were false, other remedies may be sought,[9] including imposition of costs or other appropriate sanctions for the misconduct and to protect the judicial process.[10]

---

[5] *Id.* at 420–21 (N.D. Tex. 2021) (citations omitted).

[6] Counsel is reminded that Rule 34 encompasses "constructive" possession and thus imposes the obligation on Plaintiff to produce documents that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.  *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at \*3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at \*10 (E.D. La. Apr. 2, 2004) (citation omitted).

[7] *Baker v. Walters*, 652 F. Supp. 3d 768, 785 (N.D. Tex. 2023); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at \*4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

[8] *Goosehead*, 2025 WL 1397166, at \*6 (noting that, if a court has concerns about the reasonableness of a party's efforts in responding to discovery, it may require a certification or confirmation that the discovery at issue does not exist); *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at \*2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at \*7 (M.D. La. Dec. 11, 2018) (ordering qualified representative to provide a sworn certification that no responsive documents exist).

[9] *Henderson*, 1997 WL 756600, at \*1 (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

[10] *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 678-79 (5th Cir. 2019); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104-05, 107 (2017) (noting court may sanction dishonest discovery responses).

### B.  Trade Secret Identification Statement

Unlike cases involving intellectual property on file with the United States Patent and Trademark Office, trade secrets are held by the plaintiff and, by definition, are not publicly available.  To enable the parties to prepare for trial, a particularized identification of trade secrets more than that required in a complaint is necessary.[11]  A plaintiff must provide specific notice of what the defendant is alleged to have misappropriated.[12]

To prevail on its trade secret claim, Plaintiff "must identify the trade secrets and carry the burden of showing that they exist."[13]  "It is self-evident that the subject matter of a trade secret must be secret."[14]  "Information that is public knowledge . . . or that is generally known in an industry[ ] cannot qualify as a trade secret."[15]  A primary reason for requiring a plaintiff to identify the alleged trade secret with particularity is to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade and to permit the defendant to ascertain the boundaries within which the secret lies.[16]

---

(2017) (noting court may sanction dishonest discovery responses).

[11] *See Mfg. Automation & Software Sys. v. Hughes*, No. 16-8962, 2018 WL 3197696, at *14 (C.D. Cal. June 25, 2018); *InteliClear, LLC v. ETC Glob. Hldgs. Inc.*, 978 F.3d 653, 658 (9th Cir. 2020); *StoneEagle Servs., Inc. v. Valentine*, No. 12-1687, 2013 WL 9554563, at *3 (N.D. Tex. June 5, 2013) (requiring reasonable particularity of alleged trade secrets at issue so both defendants and courts will have no difficulty evaluating the relevance of discovery requests and propriety of objections (citations omitted)); *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2019 WL 4752058, at *5-6 (E.D. La. Sept. 30, 2019) (Ashe, J.) (stating trade secret identification with particularity avoids trial by ambush).

[12] *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998); *see also Next Commc'ns, Inc. v. Viber Media, Inc.*, 758 F. App'x 48, 49 (2d Cir. 2018) (stating that plaintiff must identify the trade secret with sufficient specificity to make the moving party aware of what information it has allegedly misappropriated).

[13] *Source Prod.*, 2019 WL 4752058, at *5 (quoting *Hughes*, 2018 WL 3197696, at *14 (quoting *MAI Sys. Corp v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993))).

[14] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 611 (5th Cir. 2011) (citation omitted).

[15] *Id.* (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No.17-0491, 2020 WL 3188991, at *38 (E.D. La. June 15, 2020) *aff'd*, 855 F. App'x 771 (Fed. Cir. 2021); *Flotec, Inc. v. S. Rsch., Inc.*, 16 F. Supp. 2d 992, 1000 (S.D. Ind. 1998) (stating "trade secret law does not protect information that is publicly available, including information that can be discerned with reasonable effort by inspecting a product available for purchase on the market." (citations omitted)).

[16] *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019).

Recognizing the importance of specificity when addressing alleged trade secrets, the Eastern District of Louisiana added Local Rule 26.3, effective January 1, 2024. Local Rule 26.3(A) requires a party asserting a misappropriation of trade secrets claim to include with its Rule 26(a) initial disclosures a trade secret identification statement that contemplates a greater degree of particularity than the "short and concise" statement required by Rule 8. This statement requires more than a description of the categories within which the trade secret information may fall, such as that set forth in the publicly available complaint, and more than simple generalized descriptions, such as formulas, plans, or drawings.[17]

The requirement of reasonable particularity serves to limit the permissible scope of discovery by distinguishing the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade.[18] To identify a trade secret with reasonable particularity, the plaintiff must provide concrete information that "clearly refer[s] to tangible trade secret material."[19] Plaintiff cannot rely on "catchall phrases" or simply identify general categories

---

[17] *See DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679 (N.D. Ga. 2007) (stating that generally listing software, data processing algorithms, and processes that a plaintiff developed, owned, or licensed is insufficient as such disclosures only reveal the end results of, or functions performed by, the claimed trade secrets); *Switch v. Commc'ns Grp. v. Ballard*, No. 11-285, 2012 WL 2342929 at *5 (D. Nev. June 19, 2012) (identifying various concepts, elements, or components that make up designs are insufficient without a specific description of what particular combination of components renders each of its designs novel or unique, how the components are combined, and how they operate in unique combination); *Ikon Off. Sols., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc.*, No. 08-539, 2009 WL 4429156, at *3-5 & 3 n.3 (W.D.N.C. Nov. 25, 2009) (holding that lengthy, descriptive, but non-specific, paragraphs are insufficient).

[18] *Cf. IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583-84 (7th Cir. 2002) (noting that 43-page description of software package insufficient because it failed to separate the trade secrets from the other information that goes into the software package that is known to the trade); *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1044 (S.D. Cal. 2017) (quotation omitted). For additional cases requiring plaintiffs bringing claims of trade secret misappropriation to identify, with reasonable particularity, the alleged trade secret at issue, see *Arconic, Inc. v. Novelis, Inc.*, No. 17-1434, 2020 WL 7247112, at *1 (W.D. Pa. Dec. 9, 2020); *AgroFresh Inc. v. Essentiv LLC*, No. 16-662, 2019 WL 563900, at *1 (D. Del. Feb. 4, 2019); *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 246-249( W.D. Tex. 2013), *aff'd*, 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013); *Switch*, 2012 WL 2342929 at *4-6; *Powerweb Energy v. Hubbell Lighting, Inc.*, No. 12–220, 2012 WL 3113162 (D. Conn. July 31, 2012); *Ikon*, 2009 WL 4429156, at *3-5; *DeRubeis*, 244 F.R.D. at 681-82; *AutoMed Techs., Inc. v. Eller,* 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001).

[19] *InteliClear,* 978 F.3d at 658; *IDX Sys. Corp.,* 285 F.3d at 584 ("[P]laintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition.").

of trade secrets.[20]  The details provided in the identification must be more than vague labels, high level concepts, and rudimentary graphics.[21]  Further, the attachment of thousands of pages of documents, while voluminous, does not equate to detail necessary to allow the court and defendant to understand exactly what the plaintiff is alleging.[22]  A court should not be asked to wade through thousands of pages of documents in an effort to ferret out a trade secret like a hidden acorn.[23]

Courts have been descriptive about what fails the "reasonable particularity" requirement: a laundry list of general categories of alleged "trade secret" information or lengthy, descriptive, but non-specific, paragraphs;[24] a general list of software, data processing algorithms, and processes that a plaintiff developed, owned, or licensed or disclosures that only reveal the end results of, or functions performed by, the claimed trade secrets;[25] and various concepts, elements, or components that make up designs.[26]  In contrast, a plaintiff identifies its trade secrets with reasonable particularity when it separately lists each of the individual alleged trade secrets and identifies each claim so that the reader understands how it differs from public domain filings[27] or provides a specific description of what combination of components renders each of its designs novel or unique and how the components are combined and operate in unique combination.[28]

---

[20] *InteliClear*, 978 F.3d at 658 (internal quotations omitted).

[21] *Next Comm'cns*, 758 F. App'x at 49.

[22] *InteliClear*, 978 F.3d at 658 ("It is inadequate for plaintiffs to 'cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information.'" (citation omitted)); *IDX Sys. Corp. v. Epic Sys. Corp.*, 165 F. Supp. 2d 812, 819 (W.D. Wis. 2001)  ("Long lists of general areas of information containing unidentified trade secrets are not substitutes for particularized and concrete trade secrets."); *VIA Techs., Inc. v. Asus Comput. Int'l*, No. 14-3586, 2016 WL 5930280, *3 (N.D. Cal. Oct. 12, 2016) (noting that a trade secret plaintiff may not use broad, catch-all language as a tactic to preserve an unrestricted, unilateral right to subsequent amend its trade secret statement).

[23] *VIA Techs.*, 2016 WL 5930280 at *3 (noting that a trade secret plaintiff may not hide its trade secret in plain sight by including voluminous attachments to its trade secret statement).

[24] *See Ikon,* 2009 WL 4429156, at *3 & n.3.

[25] *See DeRubeis*, 244 F.R.D. at 679.

[26] *See Switch*, 2012 WL 2342929, at *5.

[27] *See Mitek,* 289 F.R.D. at 249.

[28] *See Switch*, 2012 WL 2342929, at *5.

Essentially, plaintiff must do more than identify a technology or document containing a potential trade secret "and then invite the court to hunt through the details in search of items meeting the statutory definition [of a trade secret]."[29]  This is especially true in cases where the trade-secret claim involves sophisticated, highly technical issues that the district court or jury, on its own, is unlikely to have the expertise required to discern exactly what constitutes a trade secret.[30]  Where the alleged trade secret consists of incremental variations or advances in the state of art in a highly specialized field, a more exacting level of particularity may be required to distinguish the alleged trade secret from matters already known to persons skilled in the field.[31]  Vague and overly inclusive descriptions that essentially assert that all information about software constitutes trade secrets are not plausible.[32]

The parties dispute whether their early agreement to waive Rule 26 disclosures applied to the obligation to provide a Rule 26.3 statement when a trade secret claim was asserted after that agreement.  Regardless, even if the parties had agreed to forego the Local Rule 26.3 statement, Defendant's second set of interrogatories and requests for production constitute sufficient demand for Plaintiff's identification of the trade secrets at issue.  *See* ECF No. 98-12 at 8 (Int. No. 1); No. 98-13 at 7-8 (RFP Nos. 2, 4).  Defendant asserts that "LAD failed to identify any trade secret; failed to provide any information or documents demonstrating the existence of a trade secret owned by LAD; failed to articulate any protections asserted by LAD at the time; failed to identify any contemporaneous notice of the misuse issued by LAD; and failed to explain how any alleged trade secret was supposedly misused by DHO."  ECF No. 98-1 at 14 (addressing Int. Nos. 1-4).

---

[29] *Source Prod.*, 2019 WL 4752058, at *7 (quoting *IDX Sys.*, 285 F.3d at 583–84).
[30] *Id.* (citing *Imax*, 152 F.3d at 1167).
[31] *Calendar Rsch. LLC v. StubHub, Inc.*, No. 17-04062, 2020 WL 4390391, at *5 (C.D. Cal. May 13, 2020) (citations omitted).
[32] *IDX Sys.*, 285 F.3d at  583.

Plaintiff's categorical reference[33] is precisely the type of generalized allegation regularly found insufficient.  Just as with a Local Rule 26.3 trade secret identification statement, listing categories or delivering voluminous documents without specifying what portion of each document constitutes the alleged trade secrets are insufficient.  Plaintiff's response to Defendant's interrogatories should be informed by Local Rule 26.3's explicit requirements regarding identification of trade secrets, requiring Plaintiff to identify, with specificity, each allegedly misappropriated trade secret rather than simply identifying categories.  Plaintiff's current response, and the incorporation of documents produced, does not fairly put the Defendant on notice of precisely what information Plaintiff deems to be a trade secret as necessary to allow Defendant to determine whether the alleged trade secret information is generally known to those in the industry or publicly available.  Accordingly, Plaintiff must provide supplemental responses to Interrogatory Nos. 1-4 of the second set of discovery.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff deliver supplemental discovery responses (including responses to the second set of discovery compliant with Local Rule 26.3) within 14 days.

New Orleans, Louisiana, this _____13th_____ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[33] *See* ECF No. 98-19 at 3-4 (response to Interrogatory No. 1 indicating Plaintiff is providing "categories of proprietary and confidential trade secret information . . . .").