**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAD SERVICES OF LOUISIANA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2446** |
| **DRAGADOS/HAWAIIAN DREDGING/ ORION JOINT VENTURE, ET AL** | **SECTION: D (2)** |

## ORDER AND REASONS

Plaintiff LAD Services of Louisiana, LLC ("LAD") has filed a Motion for Reconsideration of the Court's August 5, 2026 Order and Reasons, which granted Defendant Dragados/Hawaiian Dredging/Orion's ("DHO") Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Transfer Venue and denied Plaintiff LAD's Renewed Motion to Defer Ruling on Defendant's Motion to Dismiss Pending Completion of Jurisdictional Discovery.[1] Plaintiff asks the Court to reconsider and vacate the portion of the Order and Reasons finding that LAD and DHO did not enter into a contract.[2] In the alternative, Plaintiff asks the Court to certify the question for interlocutory appeal.[3] Defendant DHO opposes the Motion.[4] After careful review of the parties' memoranda, the record, and applicable law, the Court **DENIES** the Motion.

[1] R. Doc. 115.
[2] *Id.* at p. 1.
[3] *Id.* at p. 2.
[4] R. Doc. 122.

## I. BACKGROUND

This case arises out of an alleged contractual dispute concerning the replacement of Dry Dock No. 3 at Joint Base Pearl Harbor-Hick in Hawaii.[5] Plaintiff LAD is a Louisiana limited liability company that specializes in dry dock fabrication, new barge fabrication, structural fabrication, dock side repair, and marine salvage.[6] Lee Dragna ("Dragna"), the sole member of LAD, serves as LAD's president and owner.[7] Defendant DHO is a general partnership organized in Hawaii that routinely bids on shipyard infrastructure work provided by the Naval Facilities Engineering Systems Command Pacific.[8]

DHO was awarded with a $2.8 billion contract from the United States Navy for the construction and replacement of Dry Dock No. 3 with Dry Dock No. 5 at Joint Base Pearl Harbor-Hickam ("the Dry Dock No. 5 project").[9] Over a period of several months, LAD and DHO engaged in negotiations regarding the use of LAD as subcontractor to construct a dry dock to be used during the Dry Dock No. 5 project.[10] The negotiations indicate that if LAD was selected as a subcontractor, LAD would construct the dry dock in Louisiana, and then the dry dock would be transported to Hawaii for use in the Dry Dock No. 5 project.[11] The details of these negotiations are discussed further in the Court's August 5, 2026 Order and Reasons.[12]

---

[5] R. Doc. 80. The Court takes the Factual Background from the Fourth Amended Complaint which is the operative Complaint in the matter.
[6] *Id.* at p. 5.
[7] *Id.*
[8] *Id.* at pp. 2-3, 5.
[9] *Id.*
[10] *Id.* at pp. 3-9; R. Doc. 62-4 at p. 9.
[11] R. Doc. 62-4 at p. 9.
[12] R. Doc. 80 at pp. 3-9.

The negotiations culminated in two Purchase Orders, both labeled as drafts in the emails transmitting them.[13] The first Purchase Order was sent by DHO to LAD on October 11, 2023.[14] The second Purchase Order was sent from LAD to DHO on November 2, 2023.[15] The second Purchase Order states that "[a]ny claims or causes of action arising out of or in connection with this Purchase Order shall be commenced in a court of competent jurisdiction located in the State where the Project is located."[16] After LAD sent the second Purchase Order, LAD took several courses of actions. First, LAD secured a $14,000,000 bond through a New Orleans based company.[17] Second, LAD corresponded with its contacts in the Panama Canal to make an expedited passage arrangement for the dry dock.[18] On December 7, 2023, a DHO employee sent LAD an email stating "thank you for working with us but we can not come to terms and will not be moving forward."[19] Similarly, on December 8, 2023, another DHO employee, in an email to LAD, provided that "at this stage we can not come to terms . . . ."[20]

LAD filed suit in the Eastern District of Louisiana on September 20, 2024.[21] More than a year into litigation, DHO discovered the existence of the second Purchase

[13] *Id.* at p. 7-8.
[14] R. Doc. 62-1 at p. 2; *see* R. Doc. 83-1 at p. 15 (citing R. Doc. 62-1 at p. 2).
[15] R. Doc. 54-1 at p. 2; *see* R. Doc. 83-1 at p. 15 (citing R. Doc. 54-1).
[16] R. Doc. 54-1 at p. 8.
[17] R. Doc. 80 at p. 8 (citing R. Doc. 32-3 at p. 5).
[18] Schedule 1 to the Second Purchase Order provides that "LAD will provide a 350' x 150' x 12' ABS Classed Drydock designed to complete the project. The drydock will be towed from Seller's facility in Amelia, Louisiana through the Panama Canal to Pearl Harbor, Honolulu, Hawaii. Seller will provide the labor to operate the Drydock for 60 days to complete the job. Upon completion the Drydock will be towed back to Amelia, Louisiana. Seller will provide a six-man crew for 60 days in Hawaii." R. Doc. 62-4 at p. 9.
[19] R. Doc. 80 at p. 8.
[20] *Id.* at p. 9.
[21] R. Doc. 1.

Order sent from LAD to DHO.[22] LAD filed a Fourth Amended Complaint on December 31, 2025, alleging breach of contract, bad faith breach of contract, deceptive trade practices, detrimental reliance, unjust enrichment, and misappropriation of trade secrets.[23] On February 4, 2026, DHO filed a Motion to Dismiss, or in the alternative, Motion to Transfer Venue.[24] LAD, in turn, filed a Renewed Motion to Defer Ruling on the Defendant's Motion to Dismiss Pending Completion of Jurisdiction Discovery on February 11, 2026.[25]

The Court denied Plaintiff's Motion to Defer Ruling and granted Defendant's Motion to Transfer Venue.[26] The Court found that Plaintiff had failed to establish a prima facie case of personal jurisdiction and transferred the case to the United States District Court for the District of Hawaii.[27] The Court found that DHO lacked minimum contacts with the forum state, and, therefore, the Court lacked personal jurisdiction over DHO.[28] Within its personal jurisdiction analysis, the Court found that DHO and LAD had not entered into a binding contract under Louisiana law.[29] The Court also found that LAD had not met its burden of demonstrating that it was

[22] R. Doc. 54-1.
[23] R. Doc. 80 at pp. 9-16.
[24] R. Doc. 83.
[25] R. Doc. 84.
[26] R. Doc. 109 at pp. 48-49.
[27] *Id.* at p. 23. Plaintiff only need to establish a prima face case of personal jurisdiction because the court did not hold an evidentiary hearing on the matter. *In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521, 529 (5th Cir. 2014).
[28] *Id.* at pp. 38, 40-41.
[29] *Id.* at p. 38.

entitled to jurisdictional discovery in this matter.[30] Finally, the Court found that the matter should be transferred to the District of Hawaii.[31]

Plaintiff now moves for reconsideration of this Court's August 5, 2026 Order and Reasons.[32] Plaintiff's request for reconsideration is narrow. Plaintiff does not ask the Court to reconsider its ultimate determination that it lacks personal jurisdiction over DHO, and Plaintiff consents to the transfer of the case to Hawaii.[33] Plaintiff asks only for the Court to reconsider and withdraw its finding that no contract was formed between DHO and LAD.[34] Plaintiff argues that the Court's determination that the parties did not enter into a binding contract was an impermissible ruling on the merits that constituted a manifest error of law.[35] Plaintiff appears to raise two arguments for why the finding of no contract constitutes manifest error: (1) Plaintiff argues that the no contract finding was unnecessary to the Court's determination that it lacked personal jurisdiction over the Plaintiff, and, therefore, the finding was an impermissible determination on the merits,[36] and (2) Plaintiff argues that even if the no contract finding was necessary to the Court's personal jurisdiction determination, it was a disputed merits issue that should have been reserved for trial.[37] Finally, if the Court denies its motion to reconsider, the Plaintiff requests that the Court certify the issue for interlocutory appeal.[38]

---

[30] *Id.* at p. 42.
[31] *Id.* at p. 45.
[32] R. Doc. 115.
[33] *Id.* at p. 1.
[34] *Id.*
[35] *Id.*
[36] *Id.* at pp. 1-2.
[37] R. Doc. 115-1 at p. 4.
[38] *Id.*

The Defendant has filed an Opposition to the Plaintiff's Motion.[39] The Defendant argues that the Plaintiff's request for reconsideration has no merit and should be denied in its entirety.[40] Defendant argues that no manifest error of law exists,[41] that the Court's finding of no contract directly impacts its finding concerning jurisdiction,[42] that Plaintiff's attempt to delay determination of jurisdiction until trial has no merit,[43] and that there is no judgment to be certified for interlocutory appeal.[44]

Plaintiff responds to the Defendant's opposition by claiming the Court's ultimate jurisdictional holding did not depend upon a determination that no contract existed and, thus, the Court should have resolved the issue without deciding a disputed merits issue.[45] Plaintiff also argues that "whether a court may decide a disputed and unnecessary merits issue before determining that it lacks personal jurisdiction presents a controlling question of law warranting immediate review."[46]

## II. LEGAL STANDARD

Plaintiff brings its Motion under Federal Rule of Civil Procedure 54. Federal Rule of Civil Procedure 54(b) states, in relevant part:

> Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised

[39] R. Doc. 122 at p. 1.
[40] *Id.* at p. 2.
[41] *Id.* at p. 5.
[42] *Id.* at p. 9.
[43] *Id.* at p. 10.
[44] *Id.* at p. 11.
[45] R. Doc. 123 at pp. 4-5.
[46] *Id.* at p. 10. In its reply, Plaintiff also argued the August 5, 2026 Order was a final judgment. *Id.* at p. 9. Because this argument was not raised in Plaintiff's Motion, it will not be considered in this Order and Reasons.

> at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[47]

"The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[48] Reconsideration under Rule 59(e) has been described as an "extreme remedy" which "should be used sparingly. Courts have considerable discretion in deciding a Rule 59(e) motion.[49] "To succeed on a Rule 59(e) motion, a [movant] must satisfy at least one of the following criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law."[50] Plaintiff here seeks reconsideration under the first criteria: to correct a manifest error of law.[51]

## III. ANALYSIS

### A. The Court did not commit manifest error in making a finding of no contract within its personal jurisdiction analysis.

Plaintiff argues that the Court's determination that the parties did not enter into a binding contract was an impermissible ruling on the merits that constituted a manifest error of law.[52] Plaintiff argues that (1) the no contract finding was not necessary to Court's determination that it lacked personal jurisdiction over the

[47] Fed. R. Civ. P. 54(b).
[48] *S. Snow Mfg. Co. v. SnowWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013).
[49] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[50] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).
[51] R. Doc. 115-1 at p. 5.
[52] R. Doc. 115 at p. 1.

Plaintiff, and, therefore, the finding was an impermissible determination on the merits determination, and (2) the no contract finding was a disputed merits issue that should have been reserved for trial.[53] The Court finds that both arguments lack merit.

Plaintiff argues that the Court's no contract determination was an impermissible ruling on the merits because it was unnecessary to the Court's determination that it lacked personal jurisdiction.[54] To support its argument, Plaintiff cites to one Fifth Circuit opinion and four District Court opinions where courts declined to determine whether or not the parties formed a contract when there was nothing in the alleged contract terms to impact the court's personal jurisdiction analysis.[55] The Plaintiff also cites to *Latshaw v. Johnston*, a case where the Fifth Circuit first found that the plaintiff had met its prima facie burden of proving the parties were in a contract and then reached a decision on whether or not it had personal jurisdiction.[56] The Plaintiff argues that nothing in the Court's jurisdictional

---

[53] *Id.* at pp. 1-2.

[54] R. Doc. 115-1 at p. 10. ("Because the existence of a contract would not itself have established minimum contacts, LAD still had to make a *prima facie* showing of DHO's minimum contacts with Louisiana. Conversely, once the Court concluded that LAD had failed to make that showing based on DHO's contacts with Louisiana, deciding whether a contract existed could not change the jurisdictional result. The inquiry should have ended there.").

[55] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336-337 (5th Cir. 1999) (finding no personal jurisdiction without analyzing whether the parties were in a contractual relationship); *Opti-Com Manufacturing Network, LLC v. Champion Fiberglass, Inc.*, No. 18-9647, 2019 WL 1904894, at *8, (E.D. La. Apr. 29, 2019) (finding personal jurisdiction without analyzing whether the parties entered into a contract); *Hilltop Securities Inc. v. Clear Haven Capital Management, LLC*, 3:23-CV-0432-B, 2023 WL 6613069, at *5, n.1, (finding no personal jurisdiction even assuming there was a contract); *Katz v. Am. Council of Learned Societies,* No. 21-4306, 2021 WL, at *4, (D.N.J. Oct. 5, 2021) (finding no personal jurisdiction even assuming there was a contract); *R. R. Donnelley & Sons Co. v. Hays Intern. Mailing Ser., Inc.,* No. 98-8403, 1999 WL 284798, at *3, n.4, (N.D. Ill. Apr. 26, 1999) (finding personal jurisdiction without making a finding of whether or not there was a contract).

[56] *Latshaw v. Johnston*, 167 F.3d 208, 167 F.3d 208, 213 (5th Cir. 1999).

inquiry required its contractual determination, and, therefore, the cited case law *required* the Court's to perform its jurisdictional analysis "without first deciding whether the parties formed a binding contract."[57] Plaintiff's argument misunderstands the Court's personal jurisdiction analysis and misunderstands how courts, in general, analyze personal jurisdiction.

First, the Court's determination that there was no contract was an important part of its overall determination that the Defendant lacked the minimum contacts necessary for the Court to exercise personal jurisdiction. In its original briefing, Plaintiff argued that the second purchase order it emailed to the Defendant created a binding contract.[58] The second purchase order contained a forum selection clause that stated "[a]ny claims or causes of action arising out of or in connection with this Purchase Order shall be commenced in a court of competent jurisdiction located in the State where the Project is located."[59] The negotiations between LAD and DHO indicate that LAD was to build the dry dock in Louisiana, and then the dry dock would be transported to Hawaii for its use in the underlying project.[60]

If the Court had assumed for the purposes of its personal jurisdiction analysis that the parties had entered into a contractual relationship, the Court would have needed to determine whether the contract included the terms provided in the second purchase order. If the Court found the second purchase order terms were

---

[57] R. Doc. 115 at p. 9 (emphasis added) (stating the personal jurisdiction analysis "must be performed without first deciding whether the parties formed a binding contract").
[58] R. Doc. 60 at pp. 4-6.
[59] R. Doc. 109 at p. 8.
[60] *Id.* at pp. 4-5.

incorporated into the contract, the Court then would have needed to determine if the "State where the Project is located" was Louisiana or Hawaii. If the court found that the forum selection clause referred to Louisiana, where construction of the dry dock was to occur, then the Defendant would have consented to jurisdiction in Louisiana, giving the Court personal jurisdiction and destroying the Defendant's forum non conveniens argument.[61] If the Court had assumed the parties were in a contract, it would have needed to perform detailed contractual analysis to determine whether the Defendant had consented to the Court's exercise of personal jurisdiction, a decision the Court likely could not have reached without an evidentiary hearing.[62] Thus, the determination of whether a contract existed was important to the Court's analysis of its personal jurisdiction determination at this stage in the litigation.

Secondly, even if it had been possible for the Court to reach the same conclusion without making a finding of no contract, the Plaintiff's argument that a court cannot determine whether there is a contract in a personal jurisdiction analysis unless it is *necessary* to the outcome is not supported by the case law provided by the Plaintiff. To support its argument, Plaintiff cites five cases where courts declined to make contractual determinations.[63] However, nothing in the language of any of the

---

[61] *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013) ("[A] valid forum selection clause should be given controlling weight in all but the most exceptional cases."). The Defendant's forum non conveniens argument would have clearly failed under the heightened § 1404(2) analysis courts use when the parties have entered into a contract with a forum selection clause. *See id.* at pp. 63-65.

[62] If the Court does not hold an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. *Conn Appliances, Incorporated v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019).

[63] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336-337 (5th Cir. 1999); *Opti-Com Manufacturing Network, LLC v. Champion Fiberglass, Inc.*, No. 18-9647, 2019 WL 1904894, at *8 (E.D. La. Apr. 29, 2019); *Hilltop Securities Inc. v. Clear Haven Capital Management, LLC*, 3:23-CV-0432-B, 2023 WL 6613069, at *5, n.1 (N.D. Tex Oct. 10, 2023); *Katz v. Am. Council of Learned Societies,*

cases indicated that the courts declined to analyze the existence of a contract because that was the only permissible way for them to reach their personal jurisdiction determination.[64] Instead, these were cases where avoiding the contractual analysis was the most logical and efficient way for the courts to make a personal jurisdiction determination.[65] Plaintiff's argument is further contradicted by the cases it cites where courts did look at whether the parties formed a contract in their jurisdictional analysis.[66] In these cases, two of which include alleged contracts with forum selection clauses, the courts did not start their analysis by first determining whether the contractual finding was necessary to the personal jurisdiction outcome.[67] Instead, the courts simply determined whether or not the Plaintiff met its prima facie burden of proving personal jurisdiction, which in these cases involved determining that the Plaintiff made a prima facie showing that a contract existed.[68] The cases cited by the Plaintiff, both those that analyze contract formation and those that don't, show that the Plaintiff has the burden of proving a prima facie cause of personal jurisdiction

---

No. 21-4306, 2021 WL, at *4 (D.N.J. Oct. 5, 2021); *R.R. Donnelley & Sons Co. v. Hays Int'! Mailing Ser., Inc.,* No. 98-8403, 1999 WL 284798, at *3, n. 4 (N.D. Ill. Apr. 26, 1999).

[64] *Id.*

[65] *See id.*

[66] *Latshaw v. Johnston*, 167 F.3d 208, 213 (5th Cir. 1999) ("[A]t the this [sic.] stage of a no-evidentiary-hearing situation, we are constrained to accept Latshaw's allegation that the two men had entered into an oral partnership/joint venture agreement . . . and that all of the alleged trips, phone calls, sales, and purchases in furtherance of the agreement took place."); *Canal Barge Co. Inc. v. Selvick Marine Towing Corp.*, No. 89-2377, 1989 WL 113966, at *3 (E.D. La. Sep. 25, 1989) (finding that while evidence of whether defendants were part of the contract was "scanty and conflicting," Plaintiff had made a prima facie showing for jurisdictional purposes); *In E. Claiborne Robins Co., Inc. v. Teva Pharm. Indus. Ltd.*, No. 3:18-827, 2020 WL 5749936, at *19 (E.D. Va. Sep. 25, 2020) ("The Court May Exercise Personal Jurisdiction Over [Defendant] because [Plaintiff] Has Made a Prima Facie Case That the Contract's Forum Selection Clause Binds [Defendant].").

[67] *Id.*

[68] *Id.*

and the court has discretion in how it determines if the Plaintiff has met its burden.[69] Plaintiff has failed to show the Court's finding of no contract was an unnecessary ruling on the merits that constituted manifest error.

Plaintiff also argues that even if the determination of whether LAD and DHO entered into a binding contract was necessary to its personal jurisdiction finding, the Court's finding of no contract was still an impermissible ruling on the merits.[70] The Court agrees that "where the factual and jurisdictional issues are completely intermeshed the jurisdictional issues should be referred to the merits."[71] However, the Court disagrees with the Plaintiff's argument that the factual and jurisdictional issues are enmeshed in this case. For factual and jurisdictional issues to be intermeshed, the Plaintiff must be able to meet its prima facie burden.[72] When a nonresident defendant moves to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, a plaintiff must establish only a prima facie case of personal jurisdiction.[73] Uncontroverted allegations in the plaintiff's complaint must be taken as true.[74] Further, any factual conflicts must be resolved in favor of

[69] *See id*; *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336-337 (5th Cir. 1999); *Opti-Com Manufacturing Network, LLC v. Champion Fiberglass, Inc.*, No. 18-9647, 2019 WL 1904894, at *8 (E.D. La. Apr. 29, 2019); *Hilltop Securities Inc. v. Clear Haven Capital Management, LLC*, 3:23-CV-0432-B, 2023 WL 6613069, at *5, n.1(N.D. Tex Oct. 10, 2023); *Katz v. Am. Council of Learned Societies,* No. 21-4306, 2021 WL, at *4 (D.N.J. Oct. 5, 2021); *R.R. Donnelley & Sons Co. v. Hays Int'! Mailing Ser., Inc.,* No. 98-8403, 1999 WL 284798, at *3, n. 4 (N.D. Ill. Apr. 26, 1999).
[70] R. Doc. 115-1 at 13.
[71] *McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir. 1967).
[72] *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008).
[73] *Hebert v. Wing Sale, Inc.*, 337 F. Supp. 3d 714, 717 (E.D. La. 2018) (citing *Luv N' Care v. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006)).
[74] *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022).

Plaintiff.[75] However, in determining whether the plaintiffs have presented a prima facie case of personal jurisdiction, a court "will not 'credit conclusory allegations, even if uncontroverted.'"[76] As shown by cases cited by the Plaintiff, Courts regularly determine whether a plaintiff has alleged facts sufficient to make a prima facie showing of the existence of a contract for the purposes of a personal jurisdiction analysis.[77] In this case, the Court found that Plaintiff failed to meet its prima facie burden of proving there was a contract.[78] "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[79] In this case, the Court took the undisputed factual allegations from the affidavits provided by the Defendant and Plaintiff, took disputed facts in favor of the Plaintiff, and found that the Plaintiff had not made a prima facie case there was a contract.[80]

---

[75] *Halliburton Energy Services, Incorporated v. Ironshore Specialty Insurance Company*, 921 F.3d 522, 539 (5th Cir. 2019).

[76] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed.Appx. 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001)).

[77] *Latshaw v. Johnston*, 167 F.3d 208, 213 (5th Cir. 1999) ("[A]t the this [sic.] stage of a no-evidentiary-hearing situation, we are constrained to accept Latshaw's allegation that the two men had entered into an oral partnership/joint venture agreement . . . and that all of the alleged trips, phone calls, sales, and purchases in furtherance of the agreement took place."); *Canal Barge Co. Inc. v. Selvick Marine Towing Corp.*, No. 89-2377, 1989 WL 113966, at *3 (E.D. La. Sep. 25, 1989) (finding that while evidence of whether defendants were part of the contract was "scanty and conflicting," Plaintiff had made a prima facie showing for jurisdictional purposes); *In E. Claiborne Robins Co., Inc. v. Teva Pharm. Indus. Ltd.*, No. 3:18-827, 2020 WL 5749936, at *19 (E.D. Va. Sep. 25, 2020) ("The Court May Exercise Personal Jurisdiction Over [Defendant] because [Plaintiff] Has Made a Prima Facie Case That the Contract's Forum Selection Clause Binds [Defendant].").

[78] R. Doc. 109 at pp. 15-16, 38.

[79] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citation modified).

[80] R. Doc. 109 at pp. 25-38.

In its Motion, Plaintiff fails to point to any factual allegations or contested fact that the Court did not weigh in its favor in its August 5, 2026 Order.[81] Plaintiff fails to point to any flaw in the Court's reasoning in its finding that the Plaintiff had not met its prima facie burden.[82] Instead, Plaintiff argues that because it claimed the parties were in a contract, the existence of a contract was automatically a merits issue that could not be reviewed until trial.[83] This argument is contradicted by settled case law that shows that prior to an evidentiary hearing, Plaintiff must make a prima facie showing of personal jurisdiction,[84] and that court's do not credit conclusory allegations in determining whether a party has met their prima facie burden.[85] Because Plaintiff did not meet its prima facie burden of proving there was a contract, the factual and jurisdictional issues were not so enmeshed as to require the court to delay until trial to decide the jurisdictional issue. Therefore, the Court's finding of no contract was not an impermissible ruling on the merits that constituted manifest error.

**B. The Court's August 5, 2026 Order does not meet the criteria for a 28 U.S.C. § 1292(b) interlocutory appeal.**

The Court may certify an interlocutory order for immediate appeal if it finds that: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) "an immediate appeal from the

[81] R. Doc. 115.
[82] *Id.* at pp. 13-16.
[83] *Id.*
[84] *Conn Appliances, Incorporated v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019); *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019); *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).
[85] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed.Appx. 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001)).

order may materially advance the ultimate termination of the litigation."[86] The Fifth Circuit strictly construes the requirements of 28 U.S.C. § 1292(b), and all three criteria must be met before this Court may certify an interlocutory appeal.[87] According to the Fifth Circuit, "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional.[88] Thus, "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability."[89] Further, "Interlocutory appeals represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals."[90] "The decision to certify an interlocutory appeal is within the sound discretion of the district court."[91]

The Court finds that Plaintiff has failed to make the required showing under 28 U.S.C. § 1292(b) to warrant certification of an interlocutory appeal of the Court's August 5, 2026 Order. In its Motion, Plaintiff argues the Court's decision involves a controlling issue of law: "whether a district court resolving a Rule 12(b)(2) motion may definitively adjudicate the disputed merits issue of contract formation, despite concluding that the defendant's contacts with the forum are independently insufficient to establish personal jurisdiction."[92] As previously discussed in this

---

[86] 28 U.S.C. § 1292(b).
[87] *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019) (Bourgeois, M.J.) (citing *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972)).
[88] *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (internal quotations omitted).
[89] *Id.* at p. 68.
[90] *Complaint of L.L.P.&D Marine, Inc.*, Civ. A. Nos. 97-1668, 97-2992, 97-3349, 1998 WL 113937, at *2 (E.D. La. Mar. 11, 1998) (Clement, J.) (citing *Clark-Dietz*, 702 F.2d at 69).
[91] *Complaint of L.L.P.&D Marine, Inc.*, 1998 WL 113937 at *2 (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).
[92] R. Doc. 115-1 at p. 17.

Order and Reasons, the Court could not have independently concluded the defendant's contacts with the forum were insufficient to establish personal jurisdiction without first making its no contract determination because the second purchase order included a forum selection clause that may have caused the Defendant to consent to the Court's jurisdiction.[93] The Plaintiff's alleged question of law is based on a misunderstanding of the Court's reasoning in the Order, and, therefore, the Plaintiff has failed to show that the Order involves a controlling question of law to which there is substantial ground for different opinions.

Because the Court has determined that Plaintiff has failed to show the decision involves a controlling question of law, the Plaintiff's motion for certification of an interlocutory appeal under § 1292(b) must be denied. If a party fails to meet any of the three criteria for certification, the district court must deny the motion.[94]

[93] *See supra* pp. 8-12.
[94] *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019) (Bourgeois, M.J.) (citing *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972)).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration or, in the Alternative, Motion to Certify for Interlocutory Appeal[95] is **DENIED**.

**IT IS FURTHER ORDERED** that the August 5, 2026 Order and Reasons transferring the matter[96] is **STAYED** for 30 days in order for the Plaintiff to seek appellate review. If no action is taken within 30 days of this Order, the matter will be transferred to the District of Hawaii pursuant to the August 5, 2026 Order.[97]

New Orleans, Louisiana, October 26, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

---

[95] R. Doc. 115.
[96] R. Doc. 109.
[97] *Id.*